UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICH LEVINE,**

      **Plaintiff,**

**v.**        Case No: 6:16-cv-1833-Orl-41DCI

**WAYNE HOPSON,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. 3)** |
| **FILED:** | **October 21, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **REMANDED.**

**I.    BACKGROUND.**

On October 10, 2016, Plaintiff, proceeding *pro se*, filed a complaint (Complaint) in the Eighteenth Judicial Circuit Court of Florida seeking to evict Defendant for failure to pay $1,545.00 in rent. Doc. 2.[1] On October 20, 2016, Defendant, proceeding *pro se*, filed his answer (Answer), admitting that he has not paid rent due to his recent unemployment. Doc. 4.[2]

---

[1] The Complaint reveals both parties reside in Florida, but contains nothing concerning the parties' citizenship. Doc. 2.

[2] Defendant also seemingly claims his failure to pay is justified given the presence of several issues with the apartment. *See* Doc. 4 at 1-2.

On October 21, 2016, Defendant filed a Notice of Removal, maintaining that the Court has federal question jurisdiction over this case because it is a "Federal Cause of Action in ejection/eviction" involving a member of a protected class, *i.e.*, Defendant. Doc. 1 at ¶¶ 10-11. On that same day, Defendant filed an Application to Proceed in District Court without Prepaying Fees or Costs, which the undersigned construes as a motion to proceed *in forma pauperis* (Motion). Doc. No. 3.

## II.   STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff's files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2), and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id*. at § 1915(e)(2)(B)(i-iii).[3] The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir, 2009) (per curiam). The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted. *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

---

[3] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

**III.   ANALYSIS.**

The undersigned finds Defendant is a pauper. The undersigned, however, finds that the Court lacks subject matter jurisdiction over this case. Therefore, the undersigned recommends the case be remanded to state court.

A defendant may remove from state court to federal court "any civil action . . . of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions: 1) arising under the Constitution, laws, or treaties of the United States (*i.e.*, federal question jurisdiction); or 2) where there is complete diversity of citizenship between the parties in the action and the amount in controversy exceeds $75,000.00, exclusive of interest and costs (*i.e.*, diversity jurisdiction). 28 U.S.C. §§ 1331, 1332. The Court has a duty to inquire into its subject matter jurisdiction whenever it may be lacking. *Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Statutes governing removal are strictly construed, and thus "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Defendant maintains that the Court has federal question jurisdiction over this case because it is a "Federal Cause of Action in ejection/eviction" involving a member of a protected class, *i.e.*, Defendant. Doc. 1 at ¶¶ 10-11. This eviction action does not arise under the Constitution, laws,

or treaties of the United States, but, instead, arises under the laws of the State of Florida. Doc. 2. Further, the fact Defendant is a member of a protected class does not give rise to federal question jurisdiction.[4] Therefore, Defendant has failed to demonstrate the Court has federal question jurisdiction over this case, and, thus, has failed to demonstrate the Court has subject matter jurisdiction over this case.[5] As a result, the undersigned recommends the Motion be denied, and the case be remanded to state court.

## IV. CONCLUSION.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 2) be **DENIED**;

2. The case be **REMANDED** to state court;

3. All other pending motions be **DENIED as moot**; and

4. The Clerk be directed to close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[4] The Answer does not assert any counterclaims against Plaintiff. *See* Doc. 4. The undersigned, however, notes that in the Notice of Removal, Defendant maintains that he "feels he has been de[a]lt with in a prejudicial manner." Doc. 1 at ¶ 6. To the extent Defendant claims Plaintiff discriminated against him in violation of any federal civil rights statutes, that counterclaim would not provide the Court with federal question jurisdiction over this case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 390 (1987) ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.").

[5] Defendant does not contend that the Court has diversity jurisdiction over this case. *See* Doc. 1. The undersigned has nevertheless considered whether the Court has diversity jurisdiction over this case. The parties' citizenship is unclear, but the amount of controversy is clear and does not exceed $75,000.00, exclusive of interest and costs. Doc. 2. Therefore, the undersigned finds the Court does not have diversity jurisdiction over this case.

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 29, 2016.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy